## UNITED STATES v. PHELPS.

1. A claim for the appraisement of goods and the reduction of the duty thereon, by reason of the damage which they sustained during the voyage of importation, may be allowed, although not made until after they were entered at the custom-house at their full invoice value and the estimated duties thereon paid. *Shelton* v. *The Collector*, 5 Wall. 113, so far as it conflicts with this ruling, is overruled.

2. Section 2928, Rev. Stat., has exclusive reference to goods taken from a wreck.

ERROR to the Circuit Court of the United States for the Southern District of New York.

Phelps Brothers & Co. imported, August, 1876, from foreign parts into the port of New York 5,861 boxes of lemons, the value of which at the market when and where they were purchased was $24,006. The duty on them, at twenty per cent *ad valorem*, was $4,801.20, the payment of which was admitted by the United States except $1,151.60, to recover which sum this action was brought against the importers in the proper District Court of the United States.

The plaintiff having proved the foregoing facts, the defendants offered evidence showing that they, on the day of the importation of the lemons, made an entry thereof at the custom-house in New York at their full invoice price, and paid the estimated amount of duty thereon, if they were in sound condition; that within seven days thereafter the defendants applied for an allowance for damage to the lemons on the voyage, and that after a subsequent examination and appraisement of the damage an allowance was thereupon made, the duties whereon, at twenty per cent, amounted to $1,151.60, in accordance wherewith the entry was liquidated in October of that year and the United States paid that sum to the defendants.

To this evidence the plaintiff objected, on the ground that the damage allowance should have been applied for and the damage ascertained before the entry of the goods; that as the application was not made nor the amount of damage ascertained until after the entry, the proceeding was irregular and without warrant of law, and that the defendants could acquire no benefit or advantage from any allowance made in

pursuance thereof.    The court overruled this objection, and admitted the evidence ; to which ruling and admission the plaintiff duly excepted.

The plaintiff thereupon requested the court to charge the jury that, as the goods had been entered at the full invoice price in the first instance, and the application for allowance, the examination and appraisement not made, nor the damage ascertained, nor the damage allowance made until after the entry of the goods, the damage allowance was unwarranted by law, and they could not give the defendants any abatement of duties on account of such damage allowance.

The court refused so to charge, and the plaintiff duly excepted.

There was a verdict for the defendants, and the judgment thereon was affirmed by the Circuit Court.   The United States thereupon brought this writ, and assigns for error: 1. The defendants' evidence was improperly admitted.   2. The instruction prayed for by the plaintiff should have been given.

*Mr. Assistant Attorney-General - Maury* for the United States.

The first legislation providing for the reduction of duties in consequence of damage to merchandise sustained during the voyage of importation is sect. 52 of the act of March 2, 1799, c. 22.   In so far as it relates to this subject, it is, with an immaterial omission, re-enacted in sect. 2927 of the Revised Statutes, which is in these words : —

" In respect to articles that have been damaged during the voyage, whether subject to a duty *ad valorem*, or chargeable with a specific duty, either by number, weight, or measure, the appraisers shall ascertain and certify to what rate or percentage the merchandise is damaged, and the rate of percentage of damage so ascertained and certified shall be deducted from the original amount subject to a duty *ad valorem*, or from the actual or original number, weight, or measure on which specific duties would have been computed.   No allowance, however, for the damage on any merchandise that has been entered and on which the duties have been paid or secured to be paid, and for which a permit has been granted to the owner or consignee thereof, and which may, on examining the same, prove to be damaged, shall be made, unless proof to ascertain said dam-

age shall be lodged in the custom-house of the port where such merchandise has been landed within ten days after the landing of such merchandise."

As to the importation in this case, the application for damage allowance was made within ten days after entry, and there is scarcely room for doubt, that if there had been no other legislation on the subject the refund would have been entirely legal.

The difficulty in the case grows out of sect. 21 of the act of March 1, 1823, c. 21, re-enacted (saving an immaterial omission) in sect. 2928 of the Revised Statutes, which is in these words : —

" Before any merchandise which may be taken from any wreck shall be admitted to an entry the same shall be appraised; and the same proceedings shall be ordered and executed in all cases where a reduction of duties shall be claimed on account of damage which any merchandise shall have sustained in the course of the voyage; and in all cases where the owner, importer, consignee, or agent shall be dissatisfied with such appraisement, he shall be entitled to the privileges of appeal, as provided for in this title."

These provisions, as parts of two independent statutes, came before this court in 1866 in *Shelton* v. *The Collector*, 5 Wall. 113, upon the contention by the government that the act of 1823, in requiring that " *the same proceedings* " shall be taken in case of reduction of duties on account of damage sustained during the voyage, rendered it imperative that the appraisal necessary in every such case should be made *before entry*, as in the case of importation of merchandise taken from a wreck; and this court sustained that view, holding that the act of 1823 had wrought an implied repeal of the act of 1799 in this particular.

It is true that the failure to make claim and proof for damage allowance within ten days after the landing of the merchandise was fatal to the claim in that case, but the judgment was placed distinctly *on both grounds*.

The court declined hearing *Mr. Charles M. Da Costa* for the defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Section 2928 of the Revised Statutes, a re-enactment of sect. 21 of the act of March 1, 1823, c. 21, relates alone to merchandise taken from a wreck, and does not in any manner affect the proceedings under sect. 2927, a re-enactment of sect. 52 of the act of March 2, 1799, c. 22, to obtain an appraisement for an abatement of duties on account of damages to goods during the voyage of importation. What was said in *Shelton* v. *The Collector*, 5 Wall. 113, 118, to the contrary of this is disapproved. The subject is so fully and carefully considered in the opinion of the court below, that we deem it unnecessary to do more than to refer to the report of the case in 20 Blatchf. 129.

*Judgment affirmed.*